J. DAVID NICK, (CAL SBN 157687)
**LAW OFFICES OF J. DAVID NICK**
**A Professional Legal Corporation**
1111 E. TAHQUITZ CANYON WAY, SUITE 115
PALM SPRINGS, CA  92262
Telephone: (760) 778-8250
Facsimile: (415) 358-5897
E-mail: jdavidnick@lawyer.com

Attorney for Plaintiff: JOSEPH J. BYRON III

**UNITED STATES DISTRICT COURT-CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH J. BYRON III,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>California Department of Tax and Fee Administration, and DOES 1-50,<br><br>　　　　　　　Defendants. | **Case No. 2:19-CV-6742**<br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF.**<br><br>**Violation of Due Process;**<br>**42 U.S.C. §1983.**<br><br>**JURY TRIAL DEMANDED.** |

Plaintiff brings the following complaint against the California Department of Tax and Fee Administration and DOES 1-50 and alleges as follows:

### JURISDICTION

1. This court has jurisdiction to grant injunctive relief on behalf of Plaintiff pursuant to *42 U.S. §1983*

2. This Court has jurisdiction to grant declaratory relief on behalf of Plaintiff pursuant to *42 U.S. §1983*.

3. This court is the proper court for a trial in that the actions complained of occurred with the Central District of California.

### GENERAL ALLEGATIONS

4. Plaintiff is a competent adult residing in the County of Los Angeles. Defendants are California state agencies.

5. Defendant California Department of Tax and Fee Administration (hereinafter

referred to as CDTFA) is sued as the state agency which has undertaken the liabilities of the California States Board of Equalization (hereinafter referred to as BOE); wherever this complaint refers to the Board of Equalization or BOE, plaintiff alleges such acts against the Board of Equalization's successor to its liabilities, that being the defendant California Department of Tax and Fee Administration.

6. This complaint arises out of state's imposition of sales tax, without any state law authority to do so, on Plaintiff's sale of medical marijuana at a medical marijuana dispensary (dispensary) which provided for the retail sale of medical marijuana under the authority of California Health and Safety Code section 11362.775. Plaintiff operated said dispensary in the City of Long Beach during the years 2008 through 2009.

7. During the period of January 1, 2008 through December 31, 2009 Defendants assessed sales tax on each individual sale of medical marijuana made by Plaintiff's business. However, Defendants did so without the authority of any state law that authorized them to do so or without the authority of a constitutionally valid law that would permit the collection of a sales tax on the sale of a controlled substance without compelling the tax payer to incriminate themselves in violation of the 5th Amendment to the United States Constitution. Defendants also did so without providing a meaningful hearing wherein the validity of that sales tax assessment could be corrected, challenged or objected to on grounds the state had no legal authority to asses sales tax on contraband.

8. The Board of Equalization's first bulletin on the issue in 2003 stated that sales tax on the sale of medical marijuana was not authorized by state law because it was considered contraband and thus non taxable; thereafter BOE changed its legal opinion.

9. Defendants additionally placed a fraud assessment on whatever amount of sales tax Defendants sought to collect from Plaintiff and provided no meaningful hearing wherein the validity of that fraud assessment could be corrected, challenged or

objected to on grounds the state had no legal authority to asses sales tax on contraband. Instead, Defendants' entire determination of fraud on the part of Plaintiff was based *exclusively* on a jury's subsequently vacated verdict of guilty as to sales tax evasion charges in Los Angeles County Superior Court case NA087478; however, On April 13, 2012 that verdict was *vacated* by a superior court judge and that decision to vacate that verdict was then upheld by the California 2nd District Court of Appeal (Case #B241866). Thereafter, the Los Angeles County District Attorney's Office dismissed the entire case against Plaintiff including the sales tax evasion charges.

10. In 2015 and 2016 Mr. Byron made attempts to make an offer and compromise only to be told that because of the fraud assessment entered by Defendants against him, Plaintiff must pay the entire amount due; no meaningful hearing was again provided when this determination was made wherein the validity of that fraud assessment could be corrected, challenged or objected to on grounds the state had no legal authority to asses sales tax on contraband.

11. On December 3, 2018 Plaintiff again petitioned Defendants to set aside the fraud finding. Defendants' finding of fraud continues to bar Plaintiff from making an offer to settle the Defendants' claim and instead perpetuates Defendants' claim for the life of Plaintiff and makes the entire amount assessed and the fraud assessment payable. That request was denied on January 15, 2019 in a written decision that denied the unlawfulness of the sales tax imposed on Plaintiff but provided no meaningful hearing wherein Plaintiff could challenge the validity of that assessment or a hearing wherein said tax could be corrected, or objected to on grounds the state had no legal authority to asses sales tax on contraband.

12. Defendants continue to threaten to seize, lien or levy property, accounts and other things of tangible value owned by the Plaintiff in order to collect sales tax on the sale of contraband, without any state law that so authorizes them to do so nor under the authority of any state law that is in compliance with the requirements of

the 5th Amendment to the United States Constitution applicable to states that seek to impose a sales tax on the sale of controlled substances.

13. Defendants have failed to permit Plaintiff to raise his objections to the imposed sales-tax in a meaningful post deprivation action. To satisfy the requirements of the Due Process Clause, in a refund action the Defendants must provide Plaintiff with, not only a fair opportunity to challenge the accuracy and legal validity of their tax obligation, but also Defendants must provide a clear and certain remedy for any erroneous or unlawful tax collection to ensure that the opportunity to contest the tax is a meaningful one; that Defendants have failed to do as no hearing that is provided by Defendants permitted Plaintiff to object to the assessed sales tax on the grounds state law does not permit its collection or to object to any such state law purportedly permitting for the collection of sales tax from the sales of controlled substances on the ground that any such purported state law does not comply with the 5th Amendment to the United States Constitution.

14. Instead, Plaintiff was assessed a sales tax by Defendants without any legal authority to do so being provided under state law and was never offered a hearing wherein the hearing officer had the authority to declare that Defendants had no legal authority to collect a sales tax on contraband. Instead, Plaintiff was only offered a hearing wherein Plaintiff could exclusively challenge the amount assessed rather than the legal authority to collect the sales tax.

### FIRST CAUSE OF ACTION
(*42 U.S.C. §1983* **Cause of Action-Violation of Plaintiff's Due Process Rights Guaranteed by the U.S. Constitution**)
(**Declaratory & Injunctive Relief Against all Defendants**)

15. Plaintiff realleges paragraphs 1-14 of this Complaint as if they were fully set forth in this Cause of Action.

16. Defendants and their agents and employees are state actors as defined in *42 U.S. §1983;* Defendants have an obligation to not violate Plaintiff's due process rights. By acts described herein, including labeling Plaintiff as a person who used

fraud to not pay a tax that Defendants have no authority under any law to collect and Defendants did so without providing Plaintiff with adequate procedural due process and without any opportunity to be meaningfully heard at a hearing, said defendants have deprived Plaintiff of his due process rights under the XIV Amendment to the United States Constitution.

17. As a direct and proximate result of the aforementioned violation of Plaintiff's due process rights guaranteed by the Federal Constitution and having been perpetrated by defendants, Plaintiff continues to sustain the effect of not having a meaningful hearing where his legal objections to the Defendant's authority to collect a sales tax on the sale of contraband can be meaningfully adjudicated and Defendants continue to threaten the seizure of Plaintiff's assets.

WHEREFORE PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:

1. A permanent injunction prohibiting the collection of the tax assessed until and unless Defendants provide Plaintiff a hearing the complies with federal Due Process:

2. A declaratory judgment that Defendants may not collect a sales tax on contraband absent compliance with the 5th Amendment to the United States Constitution and that any state law that allows collection of sales tax from Plaintiff is void as applied to Plaintiff as said state law is in violation of the 5th Amendment to the United States Constitution.

3. Attorney's fees based on 42 U.S.C. § 1988 and any other applicable statutes;

4. For costs of suit incurred herein;

5. For such other relief as the Court deems just and proper.

Dated: August 2, 2019

_____
**J. DAVID NICK**
**Attorney for Plaintiff**
**Joseph James Byron III**