| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:19-CV-06742-CAS-RAOx | Date | January 6, 2020 |
| Title | JOSEPH J. BYRON, III v. NICOLAS MADUROS | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| J. David Nick | Laura Robbins | |

**Proceedings:** MOTION TO DISMISS (ECF No. 13 filed Nov. 5, 2019)

## I.  INTRODUCTION

Plaintiff Joseph J. Byron III claims that defendant California Department of Tax and Fee Administration ("the State") violates his constitutional rights by attempting to collect sales tax generated from his retail sales of medical marijuana, as well as related penalty assessments issued after Byron failed to pay those taxes.

Byron filed this action on August 2, 2019. See ECF No. 1 ("Compl."). On August 26, Byron filed a first amended complaint. See ECF No. 6 ("FAC"). The FAC alleges a single claim for relief, pursuant to 42 U.S.C. § 1983, for violation of his Fifth and Fourteenth Amendment rights. Id. ¶¶ 15-17. Specifically, according to Byron, the State's collection proceedings (i) are arbitrary, because they are not supported by any law authorizing the collection of the tax, (ii) would require Byron to incriminate himself because medical marijuana is a controlled substance, and (iii) fail to provide Byron a "meaningful hearing" to challenge the validity of the tax. Id. ¶¶ 7, 16-17.

The State moved to dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on November 5, 2019. See ECF No. 13 ("MTD"). Byron filed an opposition on December 16, 2019. See ECF No. 18 ("Opp."). The State filed a reply on December 23, 2019. See ECF No. 19 ("Reply").

The Court held a hearing on January 6, 2020. Having considered the allegations and the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:19-CV-06742-CAS-RAOx | Date | January 6, 2020 |
| Title | JOSEPH J. BYRON, III v. NICOLAS MADUROS | | |

## II.    FACTUAL BACKGROUND

For the purpose of this motion, the Court accepts the truth of the following allegations. Byron operated a marijuana dispensary in Long Beach, California during the 2008 and 2009 tax years. FAC ¶¶ 6-7. On November 26, 2012, the State served Byron with a "Notice of Determination" stating that Byron owed unpaid sales taxes from his operation of the marijuana dispensary during 2008 and 2009. Id. ¶¶ 6-7, 9. Pursuant to California law, Byron had 30 days to file a protest with the State. It is unclear what happened in the three years that followed, but in "2015 and 2016," Byron claims to have attempted to negotiate a compromise to settle what the State claimed was his outstanding tax liability. Id. ¶ 10. These negotiations apparently failed, and the State insisted that Byron "pay the entire amount due." Id.

Two years later, on November 5, 2018, Byron filed a protest with the State challenging the validity of the State's tax assessment against him. See ECF No. 13-3, Request for Judicial Notice ("RJN") at Ex. A.[1] On November 14, 2018, the State informed Byron that his protest was untimely because it was filed nearly six years after the 30-day deadline had elapsed. Id. The State further explained to Byron that "to dispute the liability, your next recourse is to pay the liability and file a claim for refund." Id. In response, on December 3, 2018, Byron stated that his failure to file a timely protest should be excused, and the denial of his protest should be reconsidered. Id. On January 15, 2019, the State denied Byron's request for reconsideration, and again instructed Byron that "[i]f you continue to dispute the liability, your next recourse is to pay the liability and file a claim for refund." Id. at Ex. B. Byron never paid the liability or filed a claim for refund. On August 2, 2019, Byron filed this action. See Compl.

---

[1] The Court takes judicial notice of the correspondence between Byron and the State, attached as Exhibits A and B to the State's request for judicial notice. This correspondence forms the basis for Byron's complaint, and is incorporated by reference into his allegations. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (holding that, in consideration of a motion to dismiss, courts may consider documents incorporated by reference into a complaint, even if not attached to the complaint, if the documents form the basis for the plaintiff's claim, or are referred to extensively). The State's request for judicial notice is accordingly **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:19-CV-06742-CAS-RAOx | Date | January 6, 2020 |
| Title | JOSEPH J. BYRON, III v. NICOLAS MADUROS | | |

## III.    LEGAL STANDARDS

### A.    Rule 12(b)(1)

A motion to dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. This defect may exist despite the formal sufficiency of the allegations in the complaint. When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

### B.    Rule 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:19-CV-06742-CAS-RAOx | Date | January 6, 2020 |
| Title | JOSEPH J. BYRON, III v. NICOLAS MADUROS | | |

969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. Proc. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (holding dismissal with prejudice is appropriate only when the complaint could not be saved by amendment).

## IV. DISCUSSION

The State moves to dismiss principally on grounds that (i) the Court lacks subject matter jurisdiction pursuant to the Tax Injunction Act (28 U.S.C. § 1341) ("TIA"). See MTD at 5-7. Beyond that, the State argues that Byron fails to state a claim because his allegations are barred by (ii) the doctrine of comity, (iii) the California constitution, and (iv) the State's sovereign immunity pursuant to the Eleventh Amendment. Id. at 5-12. The State also argues that Byron fails to state a 42 U.S.C. § 1983 claim for relief because (v) no defendant is a "person" covered by that statute, and that (vi) defendant Nicolas Maduros should be dismissed as an improper defendant for 42 U.S.C. § 1983 liability. Id. at 12-14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:19-CV-06742-CAS-RAOx | Date | January 6, 2020 |
| Title | JOSEPH J. BYRON, III v. NICOLAS MADUROS | | |

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, (1986). As a result, the Court has no power to consider claims that Congress has excluded from federal jurisdiction. See Lockerty v. Phillips, 319 U.S. 182, 187 (1943) ("The Congressional power to ordain and establish inferior courts includes the power of . . . withholding jurisdiction from them in the exact degrees and character which to Congress may seem proper for the public good."). The Court, for this reason, first considers whether the TIA precludes it from considering Byron's claim. See Price v. United States General Services Admin., 894 F.2d 323, 324 (9th Cir. 1990) ("Before we may reach the merits, we must first consider whether [the Court] ha[s] subject matter jurisdiction"). Because the Court concludes that it lacks subject matter jurisdiction over the action, it does not reach the State's remaining arguments.

The TIA restricts the jurisdiction of the federal courts, providing that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The TIA both "prohibits a federal district court, in most circumstances, from issuing an injunction enjoining the collection of state taxes" and also "prohibits a district court from issuing a declaratory judgment holding state tax laws unconstitutional." California v. Grace Brethren Church, 457 U.S. 393, 408 (1982). "[T]he principal purpose of the TIA was to 'limit drastically' federal-court interference with 'the collection of [state] taxes.'" Hibbs v. Winn, 542 U.S. 88, 105 (2005) (quoting Grace Brethren Church, 457 U.S. at 408-09 (1982)). The dispositive question in determining whether the TIA's jurisdictional bar applies to a given claim is whether the requested relief will reduce the flow of state tax revenue. May Trucking Co. v. Oregon Dep't of Transp., 388 F.3d 1261, 1267 (9th Cir. 2004) (citing Hibbs, 542 U.S. at 92).

Byron's 42 U.S.C. § 1983 claim—which seeks a "permanent injunction prohibiting the collection of the tax assessed" as well as a "declaratory judgment that [the State] may not collect a sales on tax on marijuana," FAC Prayer ¶¶ 1-2—is a direct attempt to prevent California from collecting sales taxes that falls squarely within the ambit of the TIA's jurisdictional bar. See Jerron W., Inc. v. Cal., State Bd. of Equalization, 129 F.3d 1334, 1337 (9th Cir. 1997) (holding that a "district court does not have jurisdiction over" an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:19-CV-06742-CAS-RAOx | Date | January 6, 2020 |
| Title | JOSEPH J. BYRON, III v. NICOLAS MADUROS | | |

action "if it seeks district court interference with California's tax assessment and collection process").[2]

The TIA applies even though Byron's claim takes the form of a constitutional challenge that seeks "prospective relief." Cf. Opp. at 5-8. The Ninth Circuit has held that the "TIA's prohibition on federal court jurisdiction includes cases where the state or local tax is alleged to violate the federal constitution." Kadva Patidar 42 Gam Samaj v. Cty. of Riverside, 777 F. App'x 215, 216 (9th Cir. 2019) (citing Jerron, 129 F.3d at 1336-1337). Section 1983 claims like Byron's are, in fact, "precisely the type[s] of case that Congress wrote the Tax Injunction Act to address" because they seek a federal court order to avoid paying local taxes. Id. (citing Hibbs, 542 U.S. at 107, and holding that the district court "correctly held that it did not have subject matter jurisdiction" to consider a 42 U.S.C. § 1983 claim that Riverside County violated plaintiff's constitutional rights by attempting to collect local taxes derived from its operations) (internal quotations omitted).

This is not a case that fits within the TIA's narrow procedural exception. That exception permits federal courts to consider tax collection challenges where the state collection process does not afford a taxpayer "a plain, speedy and efficient remedy" to contest a tax assessment under state law. See 28 U.S.C. § 1341. In California, taxpayers who believe they were improperly assessed are required to pay the contested tax before they can file a complaint for a refund with the state Board of Equalization. See Cal. Rev. & Tax Code §§ 6901, et seq; see also RJN at Exs. A, B (demonstrating that the State twice ordered Byron to comply with this process in order to challenge the assessment). The

---

[2] At oral argument, Byron's counsel *conceded* that Byron requests an injunction preventing the state from collecting taxes from Byron, but stated that the TIA should nevertheless not apply because the requested injunction is merely "temporary" to afford Byron an opportunity to defend himself. Even if that were true and plaintiff were to abandon his claims for "a permanent injunction" and declaratory relief "that Defendants may not collect" the challenged tax, cf. FAC Prayer ¶¶ 1-2, this misses the point. Because the operative question is whether the requested relief will tend to reduce the flow of state tax revenue, May Trucking Co., 388 F.3d at 1267, the TIA prohibits federal jurisdiction over any action that seek *any* "interference with California's tax assessment and collection process." Jerron, 129 F. 3d at 1337. That includes actions where only preliminary or declaratory relief is sought. Grace Brethren Church, 457 U.S. at 408.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:19-CV-06742-CAS-RAOx | Date | January 6, 2020 |
| Title | JOSEPH J. BYRON, III v. NICOLAS MADUROS | | |

Supreme Court and the Ninth Circuit have repeatedly held that California's tax challenge process satisfies the TIA's procedural requirements for a "plain, speedy and efficient remedy." See Jerron, 129 F.3d at 1338 ("The Supreme Court and this court have concluded that California's tax refund remedy is generally a 'plain, speedy and efficient' remedy") (citing Franchise Tax Bd. v. Alcan Aluminum, 493 U.S. 331, 338 (1989)); accord Kadiva Patidar, 777 F. App'x at 216 (holding that California's tax challenge remedy satisfies the TIA "even though California requires taxpayers to pay first and then challenge the tax") (citing Grace Brethren Church, 457 U.S. at 416–17). There is, therefore, no apparent basis to invoke the TIA's procedural exception.

Notwithstanding that unbroken line of decisions, Byron argues—and emphasized at oral argument—that compliance with California's tax protest procedures would, in his case, violate the very Fifth Amendment rights against self-incrimination he seeks to vindicate since filing a tax return for claimed marijuana sales (even under protest) could expose him to federal criminal liability pursuant to 18 U.S.C. § 3282 (which criminalizes marijuana sales). See Opp. at 3-4. The Court disagrees. The Supreme Court has held that "the fact that incriminating evidence may be the byproduct of obedience to a regulatory requirement, such as filing an income tax return, . . . does not clothe such conduct with the testimonial privilege." United States v. Hubbell, 530 U.S. 27, 35 (2000) (citing United States v. Sullivan, 274 U.S. 259 (1927)); see also Fisher v. United States, 425 U.S. 391, 409-10 (1976) (holding that a taxpayer could not rely on the Fifth Amendment to "avoid compliance" with a tax regulation even if the "evidence which he is required to produce" pursuant to that regulation "contains incriminating" material). For this reason, even assuming that Byron could be threatened with a criminal action as a result of his alleged marijuana business activities in 2008 and 2009—and the fact that 18 U.S.C. § 3282's five year statute of limitations has run on 2008 and 2009 conduct suggests that there is no such credible threat—it would not spare Byron from complying with California's tax protest process.

The TIA accordingly applies to Byron's claim for relief and it precludes this Court from exercising jurisdiction.

Without jurisdiction, the Court cannot reach the merits of Byron's 42 U.S.C. § 1983 allegations, so there is no need to address the State's arguments that these allegations fail to state a claim because they are barred by the doctrine of comity, the California constitution, the State's sovereign immunity pursuant to the Eleventh Amendment, and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:19-CV-06742-CAS-RAOx | Date | January 6, 2020 |
| Title | JOSEPH J. BYRON, III v. NICOLAS MADUROS | | |

substantive requirements of 42 U.S.C. § 1983. See <u>Herman Family Revocable Tr. v. Teddy Bear</u>, 254 F.3d 802, 803 (9th Cir. 2001).

## V. CONCLUSION

For the foregoing reasons, the action is dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | 00 : 08 |
|---|---|
| Initials of Preparer | CMJ |